IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES WEINACKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 22-CV-28-TFM-MU |
| ) | |
| PETFRIENDLY, INC., PET FRIENDLY, ) | |
| LLC, and ) | |
| WWW.PETFRIENDLYDIRECT.COM, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

On August 27, 2023, Plaintiff Charles Weinacker filed a Motion to Dismiss Defendants' Counterclaims (Doc. 43) (the "First Motion to Dismiss"), and on September 20, 2023, filed a Motion to Dismiss Defendants' Amended Counterclaims and Strike Defendants' Answer to Second Amended Complaint and Affirmative Defenses (Doc. 54) (the "Second Motion to Dismiss"). These motions have been referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen. LR 72. For the reasons set forth below, the undersigned Magistrate Judge **RECOMMENDS** that Plaintiff's First Motion to Dismiss is due to be found **MOOT** and the Second Motion to Dismiss is due to be **DENIED**.

## BACKGROUND

This is a trademark infringement action in which Plaintiff has filed two amended complaints in attempts to overcome dismissal at the pleading stage. (Doc. 14 and Doc. 28). On August 2, 2023, the Court adopted the undersigned's Report and Recommendation (Doc. 37) and granted Defendants' Motion to Dismiss in part and

denied the Motion to Dismiss in part. (Doc. 40). Thereafter, on August 18, 2023, Defendants filed an Answer to the Second Amended Complaint and Counterclaim. (Doc. 42). Plaintiff responded by filing his First Motion to Dismiss. (Doc. 43). Defendants responded in turn by filing a brief in opposition to the First Motion to Dismiss (Doc. 50), and at the same time filed an Amended Answer and Affirmative and Additional Defenses to Plaintiff's Second Amended Complaint and Amended Counterclaim.[1] (Doc. 49). Plaintiff then filed his Second Motion to Dismiss in response to Defendants' Amended Answer (Doc. 54), and Defendants responded with a second brief in opposition. (Doc. 55). As Plaintiff's Second Motion to Dismiss is directed to the amended answer, affirmative defenses, and counterclaims, the undersigned finds that the First Motion to Dismiss is **MOOT**, and accordingly, the Court will consider the Second Motion to Dismiss and the responsive brief in opposition.[2]

## LEGAL ANALYSIS

### I.  Motion to Dismiss Counterclaims

To state a claim for relief, Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell A0tlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) "A claim has facial plausibility when the plaintiff pleads factual content that

---

[1] Defendants state that their amended filing is submitted because "Defendants have realized that at least one defense could be clarified (specifically, affirmative defense number 2) and that the numbering of the counterclaims has an error." (Doc. 50, PageID.737).

[2] The Court notes that all of Plaintiff's filings to date, including the First and Second Motions to Dismiss, were filed *pro se*. However, counsel appeared for Plaintiff on December 29, 2023 (Doc. 60).

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.... [This standard] asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  A complaint is also "subject to dismissal for failure to state a claim 'when its allegations, on their face, show that an affirmative defense bars recovery on the claim,'" *Douglas v. Yates,* 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting *Cottone v. Jenne,* 326 F.3d 1352, 1357 (11th Cir. 2003)), or "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action," *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

In determining whether a claim is stated, the court "must accept the factual allegations in a complaint as true and construe them in the light most favorable to the plaintiff."  *Almanza v. United Airlines, Inc.,* 851 F.3d 1060, 1066 (11th Cir. 2017).  "However, conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Airlines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).  While the court must usually limit its review and consideration on motion to dismiss to the complaint itself and exhibits attached thereto, a "court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *SFM Holdings, Ltd. v. Banc of Am. Secs., LLC,* 600 F.3d 1334, 1337 (11th Cir. 2010).

Defendants Amended Counterclaim contains three counterclaims against Plaintiff: (1) infringement under 15 U.S.C. § 1114(1), (2) trademark infringement under 15 U.S.C. § 1125(a), and (3) unfair competition under 15 U.S.C. § 1125(a).  In determining whether

3

a claim has been stated, the Court will consider whether the defendants have adequately pled the elements of each claim.

Regarding liability for infringement under § 1114(1), courts in this circuit have stated:

> Under § 32(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), liability for trademark infringement occurs when a person "use[s] in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark" which "is likely to cause confusion, or to cause mistake, or to deceive." Thus, to prevail on a trademark infringement claim a plaintiff must demonstrate that (1) its mark has priority, (2) defendant used its mark in commerce, and (3) defendant's mark is likely to cause consumer confusion.

*PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004) (internal citations omitted). Reviewing Defendants' counterclaim, the Court finds that Defendants have pled each of the three elements of a claim for infringement under § 1114(1). Defendants state that they are the owners of three registered "PETFRIENDLY Marks," which have been used by their companies since 2017, and dispute Plaintiff's assertion that his use of "PET FRIENDLY" has been continuous. (Doc. 49, PageID.726-27). Defendants further allege that Plaintiff has been using "the name and mark 'PET FRIENDLY' and/or 'PETFRIENDLY'" in commerce, including on his website petfriendly1.com, and that Plaintiff's use of the mark "will continue to cause confusion in the market." (*Id.* at PageID.727). As all three elements of this claim have been sufficiently pled, Plaintiff's Motion to Dismiss is **DENIED** as to the counterclaim for infringement under 15 U.S.C. § 1114(1).

The elements of a trademark infringement claim under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), include the claimant showing "(1) that its marks were entitled to protection, and (2) that the defendant used marks that were either identical with the

4

plaintiff's marks, or so similar that they were likely to confuse consumers." *Wreal, LLC v. Amazon.com, Inc.*, 38 F.4th 114, 126 (11th Cir. 2022). In contrast to § 1114(1), which is concerned with registered marks, § 1125(a) applies to unregistered marks. Regarding this claim under § 1125(a), Defendants have alleged that they have "valid and legally protectable marks" and that Plaintiff's use of the marks "causes a likelihood of confusion." (Doc. 49; PageID.728-29). As all elements of this claim have been sufficiently pled, Plaintiff's Motion to Dismiss is **DENIED** as to the counterclaim for trademark infringement under 15 U.S.C. § 1125(a).

The elements of an unfair competition claim under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), include the claimant "showing (1) that it had prior rights to the mark at issue and (2) that the defendant adopted a mark or name that was the same, or confusingly similar, to the plaintiff's mark, such that consumers were likely to confuse the two." *PetMed Express*, 336 F. Supp. at 1218. As discussed above, Defendants have pled that they had prior rights to the marks at issue and that Plaintiff's marks are confusingly similar and likely to confuse consumers. As all elements of this claim have been sufficiently pled, Plaintiff's Motion to Dismiss is **DENIED** as to the counterclaim for unfair competition under 15 U.S.C. § 1125(a).

**II.     Motion to Strike Defendants' Answer**

The Court finds no merit in Plaintiff's arguments seeking to dismiss Defendants' answer. The cases cited by Plaintiff are wholly inapplicable here, as they specifically address the requirements for setting aside a default judgment under Federal Rule of Civil 60(b)(1) and have no bearing on the sufficiency of Defendants' answer in this case. (*See*

Doc 54, PageID.746).³  In addition, Plaintiff attempts to use caselaw discussing the inappropriate use of shotgun pleadings in support of his argument that Defendants have inappropriately filed a "shotgun answer." (*Id.* at 751-51). However, these cases clearly only address standards for the drafting of complaints and have no applicability to a party's answer. As Defendants note, despite Plaintiff not having numbered the paragraphs of his (third) operative complaint, Defendants have attempted to answer each allegation paragraph-by-paragraph. The Court does not find any deficiency in this approach. Accordingly, Plaintiff's Motion to Strike Defendants' Answer to the Second Amended Complaint is **DENIED**.

### III.    Motion to Strike Defendants' Affirmative Defenses

"An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999). Affirmative defenses are governed by Federal Rule of Civil Procedure 8(c), which states, "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1). Pursuant to Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, striking affirmative defenses is considered "an extreme and disfavored measure." *EEOC v. Joe Ryan Enter., Inc.*, 281 F.R.D. 660, 662 (M.D. Ala. 2012) (quoting *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007)); *see also Watkins v. City of Montgomery*, No.

---

³ Additionally, in multiple instances Plaintiff places certain language in quotations that does not appear to be a quote from any of the cases cited in Plaintiff's motion.

2:11-CV-158-MEF, 2012 WL 13008148, at *1 (M.D. Ala. July 9, 2012); *Kleppinger v. Tex. Dep't of Transp.*, No. CV L-10-124, 2012 WL 12893653, at *1 (S.D. Tex. Aug. 10, 2012).

In his motion, Plaintiff appears to support his arguments with references to those courts that have concluded that affirmative defenses are subject to the heightened pleading standard of Rule 8(a), as set out in *Twombly* and *Iqbal.* (*See* Doc. 54, PageID.746-47). However, "[I]t appears that the Eleventh Circuit has not addressed whether the *Twombly/Iqbal* plausibility standard that applies to Rule 8(a) pleadings also applies to affirmative defenses, which are governed by Rule 8(c)." *Kirk v. Jefferson Cap. Sys., LLC*, No. 2:23-CV-484-ECM, 2023 WL 7388910, at *1 (M.D. Ala. Nov. 8, 2023). "In other words, it appears that the Eleventh Circuit has not extended the *Twombly/Iqbal* plausibility standard to affirmative defenses." *Id*. When discussing affirmative defenses, the Eleventh Circuit has stated that the purpose of Rule 8(c) "is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it." *Hassan v. USPS*, 842 F.2d 260, 263 (11th Cir. 1988); *see also Hewitt v. Mobile Rsch. Tech., Inc.*, 285 F. App'x 694, 696 (11th Cir. 2008); *Pulliam v. Tallapoosa Cnty. Jail*, 185 F.3d 1182, 1185 (11th Cir. 1999) (holding that sufficient notice was given, despite the defendant's failure to plead an affirmative defense, because the "pretrial order allowed Plaintiff fair notice of what the trial would be about"); *O'Hagan v. M & T Marine Grp., LLC*, 424 F. App'x 811, 815 n.5 (11th Cir. 2011) (mentioning *Pulliam* in a parenthetical).

Furthermore, multiple district courts in Alabama, including the undersigned, have chosen not to apply the *Twombly/Iqbal* plausibility pleading standard to affirmative defenses. See *Davis v. Holifield*, No. CA 21-0044-CG-MU, 2021 WL 6137309, at *4–6

7

(S.D. Ala. Dec. 9, 2021), report and recommendation adopted, 2021 WL 6134692 (S.D. Ala. Dec. 29, 2021); *Jackson v. City of Centreville*, 269 F.R.D. 661, 662 (N.D. Ala. 2010); *Joe Ryan*, 281 F.R.D. at 664; *Watkins*, 2012 WL 13008148, at *2; *Kirk*, 2023 WL 7388910, at *1. As a result, the undersigned disagrees with Plaintiff's position and, instead, agrees with these courts that have determined that *Twombly* and *Iqbal* "do not apply to the pleading of affirmative defenses[.]" *Joe Ryan Enterprises*, 281 F.R.D. at 664.

After carefully reviewing the six affirmative defenses raised by Defendants, this Court finds that those defenses put the Plaintiff on fair notice of the defenses and issues that may be raised at trial. To the extent the Plaintiff seeks additional information regarding the basis for the asserted defenses, Plaintiff may seek such information in discovery. Further, to the extent that any of the defenses are actually just denials (*i.e.*, that Plaintiff's claim fails to state a claim upon which relief can be granted), the proper remedy is to treat such as a denial and not to strike the statement. *Davis*, 2021 WL 6137309, at *6, *citing Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678, 682 (S.D. Fla. 2015) ("When a defendant mislabels a specific denial as a defense, the proper remedy is to treat the claim as a denial, not to strike it."). Accordingly, Plaintiff's Motion to Strike Defendants' Affirmative Defenses is **DENIED**.

## **CONCLUSION**

For the reasons set forth above, it is **RECOMMENDED as follows:** 1) Plaintiff's First Motion to Dismiss (Doc. 43) be found **MOOT,** 2) Plaintiff's Second Motion to Dismiss (Doc. 54) be **DENIED;** 3) Plaintiff's Motion to Strike Defendants' Answer to the Second Amended Complaint (Doc. 54) be **DENIED,** and 4) Plaintiff's Motion to Strike Defendants' Affirmative Defenses (Doc. 54) be **DENIED**.

## .**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **7th day of February, 2024.**

s/P. BRADLEY MURRAY<br>UNITED STATES MAGISTRATE JUDGE