### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **CHARLES WEINACKER,** | ) |
| | ) |
| **Plaintiff / Counter Defendant,** | ) |
| | ) |
| vs. | ) CIV. ACT. NO. 1:22-cv-28-TFM-MU |
| | ) |
| **PETFRIENDLY, INC.,** *et al.*, | ) |
| | ) |
| **Defendants / Counter Claimants.** | ) |

### ORDER

On November 26, 2024, the Magistrate Judge held a status conference on the latest request for extension of time filed by the parties. *See* Docs. 83, 84. At the hearing, the Magistrate Judge discussed with the parties the continued extensions they had been requesting (Docs. 76, 79, 81) and noted that it appeared that the parties simply had not exercised due diligence in pursuing their discovery. This included the fact that Defendants had not yet even taken the Plaintiff's deposition despite the numerous extensions previous granted. *See* Docs. 77, 80, 82. While Defendants indicated some discovery difficulties, they had not filed any motions related to such. As a result, the Magistrate Judge indicated that he could not find good cause for granting a further extension as the parties had not diligently pursued discovery. Therefore, the Magistrate Judge denied the extension request. *See* Doc. 85. The Defendants also indicated some concerns that the dispositive motions deadline had passed the day before and they had not filed a motion. The Magistrate Judge indicated they could file a motion to see if the District Judge would let them file a dispositive motion out of time. Despite that statement, neither party requested an extension shortly after the status conference.

On December 18, 2024, the Court set a telephonic status conference in this case for January

9, 2025.  *See* Doc. 87.  After the Presidential Declaration of the Day of Mourning for President Jimmy Carter, the Court rescheduled the status conference for January 8, 2025.  *See* Doc. 88.  Mere hours before the status conference, Defendants filed a motion for leave to file a summary judgment out of time – over 6 weeks from the November status conference before the Magistrate Judge.  The Defendants did not confer with opposing counsel but indicated (with no support to their blanket assertion) that granting permission to file a late summary judgement motion would result in no prejudice to the Plaintiff.  *See* Doc. 89 at 4.

This brings us to the telephonic status conference that the Court had scheduled to discuss the prospects of settlement and the setting of a trial date.  At the status conference, Plaintiff indicated that he did object to the late filing of a summary judgment and alternatively requested that, if granted, he be permitted to file his own out-of-time summary judgment motion.

Having reviewed the case, the Court agrees with the Magistrate Judge that the parties have not been diligent in pursuing their respective cases.  Though granted several extensions, ultimately, the parties simply just ignored the Court deadlines, let them pass, and seemed to hope the Court would respond favorably to their belated request.  The Southern District of Alabama local rules state:

> All discovery, including the filing of motions to compel, must be completed before the date established in the Rule 16 Scheduling Order. Completion of discovery means that discovery (including depositions to preserve testimony for trial) must be scheduled to allow depositions to be completed, interrogatories and requests for admissions to be answered, and documents to be produced before the deadline and in accordance with the provisions of the Federal Rules of Civil Procedure. For good cause, which typically requires a showing that the parties have diligently pursued discovery, the Court may extend the time during which discovery may occur or may reopen discovery.

S.D. Ala. CivLR 26(c).  When they did not get the resolution they wanted from the Magistrate Judge, the Defendant did not timely request relief from the undersigned, but instead waited an

additional 6 weeks before requesting a dispositive motions extension.

Fed. R. Civ. P. 16(b)(4) states that a scheduling order "may be modified only for good cause and with the judge's consent." To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence. *See Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008). Moreover, while a district court may extend the discovery deadline, it is under no obligation to do so, and holding parties to the clear terms of a scheduling order generally does not amount to an abuse of discretion. *Josendis v. Wall to Wall Residence Repairs Inc.*, 662 F.3d 1291 (11th Cir. 2011) (citing *Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1348-49 (11th Cir. 2004)). Put another way, the Eleventh Circuit has "recognized that Rule 16(b)'s good cause standard precludes modification of the scheduling order unless the schedule cannot be met despite the diligence of the party seeking the extension.'" *Oravec*, 527 F.3d at 1232 (internal citation and modifications omitted). Put simply, if the parties do not establish good cause, the inquiry ends there. *See id.* (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("If [a] party was not diligent, the [good cause] inquiry should end.")).

In the case at hand, Defendants fail to show good cause for an extension. As already noted by the Magistrate Judge, it is clear the parties simply did not timely pursue discovery or file discovery-related motions. As the entirety of the motion to extend dispositive motions deadline is predicated on the inability to complete discovery, if there was no good cause on extending discovery, there is correspondingly no good cause for extending the dispositive motions deadline. Additionally, Defendants allowed the dispositive motions deadline to pass and even after the Magistrate Judge noted that a motion would need to be filed with the Court to request an extension, Defendant still waited over six (6) weeks to file the motion and did so mere hours before the

scheduled status conference. By waiting so long to even file the request, Defendants have put the Court in the position that it would not only have to move the dispositive motions deadline, but also the pretrial and trial. There is simply no ability for the Court to consider a fully submitted motion for summary judgment before the current trial settings especially as the Court would have to permit Plaintiff his own extension to file his own motion in addition to his response to the proposed summary judgment. Therefore, that belated request would absolutely prejudice the Plaintiff and the Court with its own carefully crafted schedule in light of its heavy criminal trial load for the next several months.

Put plainly, Defendants have not shown that the schedule could not be met despite its diligence – rather the opposite has been shown in that they were not diligent in pursuing discovery and other deadlines. Court deadlines are not aspirational and for scheduling orders to have any meaning, those deadlines must be enforced absent a showing of good cause. Therefore, the *Defendants' Motion for Leave to File Motion Out of Time and Brief in Support* (Doc. 89, filed 1/8/25) is **DENIED**.

As noted by the Court, it is **ORDERED** that jury selection and trial in this case will be set for the week of **March 24, 2025** with the jury selection to occur either March 24, 2025 or March 25, 2025 with the specific date to be announced at the Pretrial Conference.

The parties are **REMINDED** that the virtual Pretrial Conference is set for **February 7, 2025 at 10:00 a.m.** *See* Doc. 78. Additionally, the parties are reminded of the deadlines established by the Standing Order Governing Final Pretrial Conference (Doc. 65-1) which tethers certain deadlines to the pretrial conference. Those deadlines are rapidly approaching.

The Court, however, will permit the parties some relief on those upcoming deadlines by moving the pretrial conference to a later date in February should they schedule a formal mediation.

The parties are reminded that the Magistrate Judge may conduct mediation and other alternative dispute resolution procedures pursuant to the District's ADR Program. As noted in the Standing Order Governing Final Pretrial Conference, the parties are required to confer and engage in meaningful settlement discussions within 30 days prior to the pretrial conference. Therefore, they are encouraged to use all resources at their disposal – whether it be the assigned Magistrate Judge or a private mediator of the parties' choice. **The Court will only consider moving the Final Pretrial Conference to another later date if a mediation is scheduled in January 2025.** Otherwise, the pretrial conference remains set for February 7, 2025.

Finally, the Court notes that at the status conference today, Plaintiff's counsel mentioned for the first time that he was only engaged by the Plaintiff for a limited appearance. However, the Court has found no reference to that on the docket sheet or any other filings before the Court. Plaintiff's counsel is reminded that once he appears in a case, it is the Court's discretion on whether or not he is permitted to withdraw. Therefore, that issue should be resolved sooner rather than later because the Court will not permit a last minute withdrawal on the eve of a jury trial.

**DONE** and **ORDERED** this 8th day of January, 2025.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE