# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CHARLES WEINACKER,** ) | |
| ) | |
| **Plaintiff/Counterclaim Defendant,** ) | |
| ) | |
| vs. ) | CIVIL ACT. NO. 1:22-cv-28-TFM-MU |
| ) | |
| **PETFRIENDLY, INC.,** *et al.*, ) | |
| ) | |
| **Defendants/Counterclaim** ) | |
| **Plaintiffs.** ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are two motions filed by Defendants PetFriendly, Inc., and Pet Friendly Direct, LLC (collectively, "Defendants" [1]) – *Defendants' Expedited Motion to Dismiss or, Alternatively, Motion for Summary Judgment on the Issue of Standing* (Doc. 106, filed February 5, 2025) and *Defendants' Motion for Sanctions Pursuant to Fed. R. Civ. Pro. 16 and Brief in Support* (Doc. 126, filed March 7, 2025). The Court will address each in turn.

**A.     Standing Motion**

On February 4, 2025, Defendants filed an expedited motion for leave to file a motion to dismiss or, in the alternative, motion for summary judgment on the issue of standing. *See* Doc. 101. Defendants seek dismissal of Plaintiff Charles Weinacker's ("Plaintiff") claims in this matter arguing he lacks standing under Article III of the U.S. Constitution. *Id.* After a cursory review of the motion, the Court set a telephone conference on the matter on February 5, 2025. *See* Doc. 103. On February 5, 2025, Plaintiff filed his objection to the motion for leave to file the motion to

---

[1] Defendant www.petfriendlydirect.com was also a signatory to the motions (Docs. 106, 126) but was later dismissed by oral order as an improper party (Doc. 168) upon Defendants' motion (Doc. 121).

dismiss. *See* Doc. 104. Having reviewed Defendants' motion for leave to file the motion to dismiss and the response, the Court preliminarily concluded that this matter had already been addressed squarely by the Magistrate Judge in a prior Report and Recommendation which had been adopted by the Court. *See* Docs. 37, 40. Next, it was clear that the Court could not consider the motion under Fed. R. Civ. P. 12(b) and that had already been ruled upon under that standard (Docs. 37, 40) and there was a necessity to consider evidence which put it within the ambit of Fed. R. Civ. P. 56 – as further evidenced by the extensive evidentiary attachments to the motions. *See* Docs. 101-2 through 101-21. To even consider those attachments, the Court would have to consider the motion as one brought under the summary judgment standard. Finally, it appeared that despite couching the issue as one related to standing (and therefore jurisdiction), it seemed obvious that the motion was merely an attempt to circumvent the Court's prior determination that Defendants had missed their motion for filing dispositive motions. *See* Doc. 92. Though the Defendants couched the motion as one relating to standing, it seemed apparent that the ruling would be one on the merits and not a true standing analysis.

Standing is a "threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." *KH Outdoor, LLC v. Fulton County*, 587 F. App'x 608, 610 (citation omitted).

> [T]he "irreducible constitutional minimum" of standing consists of three elements. *Lujan v. Defenders of Wildlife*, 504 U.S. [555,] 560 [(1992)] [ ]. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Id.* at 560-61 [ ]; *Friends of the Earth Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. [167,] 180-81 [(2000)]. The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements.

*Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *see also Granite State Outdoor Adver., Inc. v. City of Clearwater, Fla.*, 351 F.3d 1112, 1116 (11th Cir. 2003) (stating same elements).

Certain of Plaintiff's trademark claims survived Defendants' initial motion to dismiss (Docs. 37, 40), and that Plaintiff's allegations were sufficient to state a claim that he suffered an injury from Defendants' conduct for which he sought redress from the Court and, therefore, plead enough to establish standing. Notably, while Plaintiff objected to the Magistrate Judge's Report and Recommendation that related to these issues, Defendants did not. Rather, they failed to object and only responded to Plaintiff's objections. *See* Doc. 39.

Now, only after being denied an additional discovery extension when the Magistrate Judge indicated he could not find good cause as the parties were not diligent and then after being denied its late filed summary judgment motion does defendant frame this as a jurisdictional question. Moreover, it is clear from the disputed evidence and Plaintiff's response that the Court would have to make factual findings and credibility determinations on disputed facts before the Court. Moreover, the Court finds that this appeared to be an attempt to circumvent their prior failure to timely file a dispositive motion and to derail the trial scheduled the next month. Therefore, the Court carried over the motion to the trial so the Court could hear the disputed evidence concurrently with the jury. Further, the Defendant continued to avail themselves of the jurisdiction of the Court with its counterclaim which established its own independent jurisdictional basis for the Court to continue the case to trial. Put simply, this was not a question of standing, but rather the motion sought a ruling on the merits of the Plaintiff's claims. The disputed facts, when reviewed in the light most favorable to Plaintiff, show that Plaintiff may have had a trademark which if he did, the Defendants would have infringed upon, and that a ruling in his favor would provide redressability in the form of an injunction and monetary damages. That satisfies all three elements of a standing analysis for jurisdiction purposes. Anything else would have subsumed into a ruling on the merits on a summary judgment standard which the Court had already declined

to do since Defendants were not diligent, missed their dispositive motions deadline, and the Court did not find good cause to extend it further.

Therefore, *Defendants' Expedited Motion to Dismiss or, Alternatively, Motion for Summary Judgment on the Issue of Standing* (Doc. 106) is **DENIED**.

**B.      Sanctions**

Next, the Court looks to Defendants' motion for sanctions under Rule 16. *See* Doc. 126. Defendants seek monetary sanctions in their favor and against Plaintiff for his failure to adhere to the deadlines and directions that are prescribed in the Rule 16(b) Scheduling Order, as amended, that was entered in this matter. *Id.* Plaintiff filed his response in opposition (Doc. 128) and Defendants filed their reply (Doc. 153).

Rule 16(f) provides that:

(f) Sanctions.

(1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney:

    (A) fails to appear at a scheduling or other pretrial conference;

    (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or

    (C) fails to obey a scheduling or other pretrial order.

(2) Imposing Fees and Costs. Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses— including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

FED. R. CIV. P. 16(f). "Rule 16(f) sanctions were 'designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation.'" *United States v. Duran Samaniego*, 345 F.3d 1280, 1284 (11th Cir. 2003)

(quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). Moreover, "district courts have discretion to decide if there is a pattern of delay or a deliberate refusal to comply with court orders or directions that justifies a sanction." *Id.*

> Under Rule 16(f), a court may impose sanctions if a party or its attorney violates a scheduling or other pretrial order, including a discovery order. FED. R. CIV.P. 16(f)(1)(C). . . .We have held that "district courts have discretion to decide if there is a pattern of delay or a deliberate refusal to comply with court orders or directions that justifies a sanction" under Rule 16. *United States v. Samaniego*, 345 F.3d 1280, 1284 (11th Cir. 2003).

*Guimaraes v. NORS*, 366 F. App'x 51, 54 (11th Cir. 2010).

The Court finds the Defendant's reliance upon the Court's scheduling order and Plaintiff's one-week late disclosures to be a little rich considering their own missed deadlines. Specifically, Defendants missed dispositive motions deadline, and when noted by the Magistrate Judge waited another six weeks to seek the ability to file an untimely motion. Further, the Magistrate Judge noted the Defendant's own lack of diligence in pursuing discovery to include failure to seek the Plaintiff's deposition prior to the deadline and simply banking on yet another extension – as aptly noted by the Magistrate Judge in his telephone conference with the parties. Finally, Defendants filed another late motion couching a merits ruling as a jurisdictional question in fairly obvious attempt to circumvent the Court's order denying the late-filed summary judgment motion. So, one could state "what's good for the goose is good for the gander." However, the Court declines to delve further into that question even though the Court could do so under Rule 16(f)(1).

It is clear that Plaintiff was late, and Plaintiff acknowledges that in his objection to the motion for sanctions. *See* Doc. 128. As previously noted, sanctions may be warranted to punish parties which "unreasonably delays or otherwise interferes with the expeditious management of trial preparation." *Duran Samaniego*, 345 F.3d at 1284 (citation omitted). Defendants fail to show that they were materially prejudiced by the delay as they were ultimately able to get the information

in sufficient time to incorporate it into the Joint Pretrial Document (Doc. 111) before the February 25, 2025 pretrial conference.  Further, they clearly had the information in time to prepare for trial as evidenced by its extensive motions practice from the pretrial conference to the start of trial.  Rather, the motion for sanctions comes across as petty and that Defendants are trying to punish Plaintiff for the fact that this case was proceeding to trial.   Moreover, despite the fact that Defendants attempt to indicate that the Court is mandated to impose sanctions, the Court finds that it is a discretionary decision and declines to impose sanctions here.

Therefore, after due consideration by the Court, the motion for sanctions (Doc. 126) is **DENIED**.

## Conclusion

Based on the above, *Defendants' Expedited Motion to Dismiss or, Alternatively, Motion for Summary Judgment on the Issue of Standing* (Doc. 106) and *Defendants' Motion for Sanctions Pursuant to Fed. R. Civ. Pro. 16 and Brief in Support* (Doc. 126) are both **DENIED**.

This resolves the final issues pending before the Court and based upon these rulings, the Court finds that the jury verdict stands, and the Court will enter a final judgment accordingly.

**DONE** and **ORDERED** this 27th day of March 2025.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE